# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LAWRENCE KARL WRIGHT,**

    **Plaintiff,**

    vs.

**COMMISSIONER OF
SOCIAL SECURITY,**

    **Defendant.**

Case No. 2:19-cv-1124

Judge Michael H. Watson

Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

On March 25, 2019, Plaintiff initiated this action. (ECF No. 1.)[1] Because Plaintiff failed to pay the requisite $400.00 filing fee or to file an application for leave to proceed *in forma pauperis*, the Court issued a Notice of Deficiency, setting forth this deficiency and directing him to submit the required application for leave to proceed *in forma pauperis*, or alternatively, filing fee within thirty (30) days. (ECF No. 4 (attaching a copy of the application form for leave to proceed *in forma pauperis*).) On March 26, 2019, Plaintiff filed an application to proceed *in forma pauperis* but has submitted an application form that is different from and less comprehensive than the form provided by the Clerk's office ("the first application"). (ECF No. 5.) The Court therefore ordered Plaintiff, if he intended to proceed with this action, to cure this deficiency by submitting the requisite $400.00 filing fee or by filing an application for leave to proceed *in forma pauperis* using the correct form. (ECF No. 6 (attaching a copy of the proper *in*

---

[1] Plaintiff initially filed this action in the Western Division (*see* ECF No. 1) and the action was transferred to this Court on March 26, 2019. (ECF No. 3.)

*forma pauperis* application).) Plaintiff has now submitted a completed application to proceed *in forma pauperis* on the appropriate form ("the second application"). (ECF No. 7.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's second application (ECF No. 7) be **DENIED** and that his first application (ECF No. 5) be **DENIED AS MOOT**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id. at* 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.*; *see also Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (observing that "the question is whether the court costs can be paid without undue hardship"). Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

Here, the information set forth in Plaintiff's second *in forma pauperis* application does not demonstrate his inability to pay. Plaintiff receives $2,300.00 per month in retirement income and, apparently, receives $3,000.00 per month in "VA" disability payments. (ECF No. 7 at 2.)

Although Plaintiff is not employed, his wife works and earns $4,000.00 per month in income. (*Id*.) Plaintiff also has $3000.00 cash on hand or in a bank account. (*Id*. at 3.) Plaintiff does not indicate whether he owns a car but does list monthly car payments totaling $1,133.00. (*Id*.) His other listed expenses include a mortgage payment ($1,700.00), child support ($900.00), utilities ($1,100.00), and monthly credit card payments ($650.00). (*Id*.)

Based on this information, Plaintiff appears to have access to assets sufficient to pay the one-time filing fee of $400.00 such that doing so would not impose an undue hardship on him. (*See generally id*. at 2–3.) Although Plaintiff bears certain monthly expenses described above, Plaintiff nevertheless has $3,000.00 cash on hand or in bank account; receives $2,300.00 per month in retirement income; and his wife earns $4,000.00 per month in income.[2] In view of these assets, it does not appear that paying the filing fee would deprive Plaintiff or his dependents of the necessities of life.

Accordingly, it is **RECOMMENDED** that Plaintiff's second application to proceed *in forma pauperis* (ECF No. 7) be **DENIED** and that he be ordered to pay the required $400 filing fee within **FOURTEEN (14) DAYS** if he intends to proceed. It is **FURTHER RECOMMENDED** that Plaintiff's first application to proceed *in forma pauperis* (ECF No. 5) be **DENIED AS MOOT**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

---

[2] As noted above, it appears that Plaintiff also receives $3,000.00 per month in "VA" income. (*Id*. at 2.)

3

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

DATED:  March 28, 2019
　　　　　　　　　　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES MAGISTRATE JUDGE**